MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

RAMAN KUMAR , *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

WOODHAVEN DISCOUNT WINE & LIQUOR INC. (D/B/A WOODHAVEN DISCOUNT WINE & LIQUOR), GNG WINE & LIQUOR INC. (D/B/A GNG WINE & LIQUOR), HOOK DISCOUNT WINE AND LIQUOR INC. (D/B/A HOOK DISCOUNT WINE AND LIQUOR), SOUTH FACE WINE & LIQUOR INC. (D/B/A SOUTH FACE WINE & LIQUOR), TS WINES & LIQUORS INC. (D/B/A TS WINES & LIQUOR), and GURINDER SINGH,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Raman Kumar (“Plaintiff Kumar ” or “Mr. Kumar ”), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Woodhaven Discount Wine & Liquor Inc. (d/b/a Woodhaven Discount Wine & Liquor), GNG Wine & Liquor Inc. (d/b/a GNG Wine & Liquor), Hook Discount Wine and Liquor Inc. (d/b/a Hook Discount Wine and Liquor), South Face Wine & Liquor Inc. (d/b/a South Face Wine & Liquor), TS Wines & Liquors Inc. (d/b/a TS Wines &

Liquor), ("Defendant Corporations") and Gurinder Singh, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Kumar is a former employee of Defendants Woodhaven Discount Wine & Liquor Inc. (d/b/a Woodhaven Discount Wine & Liquor), GNG Wine & Liquor Inc. (d/b/a GNG Wine & Liquor), Hook Discount Wine and Liquor Inc. (d/b/a Hook Discount Wine and Liquor), South Face Wine & Liquor Inc. (d/b/a South Face Wine & Liquor), TS Wines & Liquors Inc. (d/b/a TS Wines & Liquor), and Gurinder Singh.

2. Defendants owned, operated, or controlled several liquor stores, including the five where Plaintiff Kumar worked located at 9214 Jamaica Ave, Woodhaven, NY 11421 (hereinafter "Woodhaven Discount Wine & Liquor location"), at 82-33 153rd Ave Howard Beach, NY 11414 (hereinafter "GNG Wine & Liquor location"), at 867 W Merrick Rd, Valley Stream, NY 11580 (hereinafter "Hook Discount Wine and Liquor location"), at 1054 Franklin Ave, Valley Stream, NY 11580 (hereinafter "South Face Wine & Liquor location"), and at 22921 Merrick Blvd, Laurelton, NY 11413 (hereinafter "TS Wines & Liquor location").

3. Upon information and belief, individual Defendant Gurinder Singh, serve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the liquor stores as a joint or unified enterprise.

4. Plaintiff Kumar was employed as a Salesman at the liquor stores located at 9214 Jamaica Ave, Woodhaven, NY 11421, at 82-33 153rd Ave Howard Beach, NY 11414, at 867 W Merrick Rd, Valley Stream, NY 11580, at 1054 Franklin Ave Valley Stream, NY 11580, and at 22921 Merrick Blvd Laurelton, NY 11413.

5. At all times relevant to this Complaint, Plaintiff Kumar worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Kumar appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Furthermore, Defendants repeatedly failed to pay Plaintiff Kumar wages on a timely basis.

8. Defendants' conduct extended beyond Plaintiff Kumar to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Kumar and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Kumar now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Kumar seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Kumar's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate several liquor stores located in this district. Further, Plaintiff Kumar was employed by Defendants in this district.

**PARTIES**

*Plaintiff*

14. Plaintiff Raman Kumar ("Plaintiff Kumar" or "Mr. Kumar") is an adult individual residing in Kings County, New York.

15. Plaintiff Kumar was employed by Defendants at the Hook Liquor Store, South Face Liquor Store, TS Liquor Store, GNG Liquor Store, and Woodhaven Discount Wine & Liquor Store locations from approximately December 3, 2017 until on or about August 13, 2018.

16. Plaintiff Kumar consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled five liquor stores, located at 9214 Jamaica Ave, Woodhaven, NY 11421 under the name "Woodhaven Discount Wine & Liquor ", at 82-33 153rd Ave Howard Beach, NY 11414 under the name "GNG Wine & Liquor",

at 867 W Merrick Rd, Valley Stream, NY 11580 under the name "Hook Discount Wine and Liquor", at 1054 Franklin Ave Valley Stream, NY 11580 under the name "South Face Wine & Liquor", and at 22921 Merrick Blvd Laurelton, NY 11413 under the name "TS Wines & Liquor".

18. Upon information and belief, Woodhaven Discount Wine & Liquor Inc. (d/b/a Woodhaven Discount Wine & Liquor) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 9214 Jamaica Ave, Woodhaven, NY 11421.

19. Upon information and belief, GNG Wine & Liquor Inc. (d/b/a GNG Wine & Liquor) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 82-33 153rd Ave Howard Beach, NY 11414.

20. Upon information and belief, Hook Discount Wine and Liquor Inc. (d/b/a Hook Discount Wine and Liquor) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 867 W Merrick Rd, Valley Stream, NY 11580.

21. Upon information and belief, South Face Wine & Liquor Inc. (d/b/a South Face Wine & Liquor) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1054 Franklin Ave Valley Stream, NY 11580.

22. Upon information and belief, TS Wines & Liquors Inc. (d/b/a TS Wines & Liquor) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 22921 Merrick Blvd Laurelton, NY 11413.

23. Defendant Gurinder Singh is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Gurinder Singh is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Gurinder Singh possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Kumar, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24. Defendants operate several liquor stores located in multiple neighborhoods in Kings and Nassau counties.

25. Individual Defendant, Gurinder Singh, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Each Defendant possessed substantial control over Plaintiff Kumar's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Kumar, and all similarly situated individuals, referred to herein.

28. Defendants jointly employed Plaintiff Kumar (and all similarly situated employees) and are Plaintiff Kumar's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29. In the alternative, Defendants constitute a single employer of Plaintiff Kumar and/or similarly situated individuals.

30. Upon information and belief, Individual Defendant Gurinder Singh operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of his own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff Kumar's employers within the meaning of the FLSA and New York Labor Law.

32. Defendants had the power to hire and fire Plaintiff Kumar, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Kumar's services.

33. In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the liquor stores on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35. Plaintiff Kumar is a former employee of Defendants who was employed as a salesman.

36. Plaintiff Kumar seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Raman Kumar*

37. Plaintiff Kumar was employed by Defendants from approximately December 3, 2017 until on or about August 13, 2018.

38. Defendants employed Plaintiff Kumar as a salesman.

39. Plaintiff Kumar regularly handled goods in interstate commerce, such as wines and spirits produced outside the State of New York.

40. Plaintiff Kumar's work duties required neither discretion nor independent judgment.

41. Throughout his employment with Defendants, Plaintiff Kumar regularly worked in excess of 40 hours per week.

42. From approximately December 3, 2017 until on or about February 20, 2018, Plaintiff Kumar worked at the Hook Discount Wine & Liquor location from approximately 9:00 a.m. until on or about 10:00 p.m., 5 days a week and from approximately 12:00 p.m. until on or about 9:00 p.m., 1 day a week (typically 74 hours per week).

43. From approximately February 21, 2018 until on or about March 9, 2018, Plaintiff Kumar worked at the South Face Wine & Liquor location from approximately 10:00 a.m. until on or about 8:00 p.m., 3 days a week, from approximately 10:00 a.m. until on or about 10:00 p.m., 2 days a week, and from approximately 12:00 p.m. until on or about 8:00 p.m., 1 day a week (typically 62 hours per week).

44. From approximately March 10, 2018 until on or about March 31, 2018, Plaintiff Kumar worked at the TS Wines & Liquor location from approximately 11:00 a.m. until on or about 10:00 p.m., 3 days a week, from approximately 11:00 a.m. until on or about 11:00 p.m., 2 days a week, and from approximately 12:00 p.m. until on or about 8:00 p.m., 1 day a week (typically 65 hours per week).

45. From approximately April 2018 until on or about May 2018, Plaintiff Kumar worked at the GNG Wine & Liquor location from approximately 10:00 a.m. until on or about 10:00 p.m., 3 days a week, from approximately 10:00 a.m. until on or about 11:00 p.m., 2 days a week, and from approximately 12:00 p.m. until on or about 9:00 p.m., 1 day a week (typically 71 hours per week).

46. From approximately May 2018 until on or about August 12, 2018, Plaintiff Kumar worked at the Woodhaven Discount Wine & Liquor location from approximately 11:30 a.m. until

on or about 11:30 p.m., 3 days a week, from approximately 11:00 a.m. until on or about 12:00 a.m., 2 days a week, and from approximately 12:00 p.m. until on or about 9:00 p.m., 1 day a week (typically 71 hours per week).

47. Throughout his employment, Defendants paid Plaintiff Kumar his wages in cash.

48. From approximately December 3, 2017 until on or about August 13, 2018, Defendants paid Plaintiff Kumar a fixed salary of $750 per week.

49. For approximately two weeks, Defendants did not pay Plaintiff Kumar any wages for his work.

50. Defendants never granted Plaintiff Kumar any breaks or meal periods of any kind.

51. Plaintiff Kumar was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

52. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Kumar regarding overtime and wages under the FLSA and NYLL.

53. Defendants did not provide Plaintiff Kumar an accurate statement of wages, as required by NYLL 195(3).

54. Defendants did not give any notice to Plaintiff Kumar of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

55. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Kumar (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

56. Plaintiff Kumar was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

57. Defendants' pay practices resulted in Plaintiff Kumar not receiving payment for all his hours worked, and resulted in Plaintiff Kumar's effective rate of pay falling below the required minimum wage rate.

58. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59. Defendants paid Plaintiff Kumar his wages in cash.

60. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Kumar (and similarly situated individuals) worked, and to avoid paying Plaintiff Kumar properly for his full hours worked.

62. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Kumar and other similarly situated former workers.

64. Defendants failed to provide Plaintiff Kumar and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by

that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65. Defendants failed to provide Plaintiff Kumar and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

66. Plaintiff Kumar brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

67. At all relevant times, Plaintiff Kumar and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

68. The claims of Plaintiff Kumar stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

69. Plaintiff Kumar repeats and realleges all paragraphs above as though fully set forth herein.

70. At all times relevant to this action, Defendants were Plaintiff Kumar's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Kumar (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

71. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

73. Defendants failed to pay Plaintiff Kumar (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

74. Defendants' failure to pay Plaintiff Kumar (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Kumar (and the FLSA Class members) were damaged in an amount to be determined at trial.

**<u>SECOND CAUSE OF ACTION</u>**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

76. Plaintiff Kumar repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Kumar (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

78. Defendants' failure to pay Plaintiff Kumar (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

79. Plaintiff Kumar (and the FLSA Class members) were damaged in an amount to be determined at trial.

**<u>THIRD CAUSE OF ACTION</u>**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

80. Plaintiff Kumar repeats and realleges all paragraphs above as though fully set forth herein.

81. At all times relevant to this action, Defendants were Plaintiff Kumar's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Kumar, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

82. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Kumar less than the minimum wage.

83. Defendants' failure to pay Plaintiff Kumar the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

84. Plaintiff Kumar was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

85. Plaintiff Kumar repeats and realleges all paragraphs above as though fully set forth herein.

86. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Kumar overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

87. Defendants' failure to pay Plaintiff Kumar overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

88. Plaintiff Kumar was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

89. Plaintiff Kumar repeats and realleges all paragraphs above as though fully set forth herein.

90. Defendants failed to provide Plaintiff Kumar with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage,

including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

91. Defendants are liable to Plaintiff Kumar in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

92. Plaintiff Kumar repeats and realleges all paragraphs above as though fully set forth herein.

93. With each payment of wages, Defendants failed to provide Plaintiff Kumar with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

94. Defendants are liable to Plaintiff Kumar in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

95. Plaintiff Kumar repeats and realleges all paragraphs above as though set forth fully herein.

96. Defendants did not pay Plaintiff Kumar on a regular weekly basis, in violation of NYLL §191.

97. Defendants are liable to Plaintiff Kumar in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kumar respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Kumar and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Kumar and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Kumar 's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Kumar and the FLSA Class members;

(f) Awarding Plaintiff Kumar and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Kumar and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Kumar;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Kumar;

(j) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Kumar;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Kumar 's compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Kumar;

(m) Awarding Plaintiff Kumar damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n) Awarding Plaintiff Kumar damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff Kumar liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiff Kumar and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Kumar and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Kumar demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
February 7, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 23, 2019

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Raman Kumar

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: ________________

Date / Fecha: 23 de enero de 2019